### CITY OF POCATELLO v. MURRAY.

(Circuit Court, D. Idaho. May 3, 1909.)

1. CONSTITUTIONAL LAW (§ 128\*)—OBLIGATION OF CONTRACTS—CONTRACT WITH CITY.

    Where a city, having power to do so, entered into a contract with a water company, granting a franchise and fixing charges which might be made to consumers, and also providing the mode by which such charges might be changed from time to time after a fixed term, such provision was a material part of the contract, which could not be impaired or affected by a subsequent state statute providing a different mode of establishing rates generally.

    [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 372–379; Dec. Dig. § 128.\*]

2. WATERS AND WATER COURSES (§ 203\*)—JURISDICTION—FIXING WATER RATES.

    A court of equity is without power, at suit of a city, to fix the rates to be charged by a water company in the future, which is not a judicial function.

    [Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 292; Dec. Dig. § 203.\*]

In Equity. Suit by the City of Pocatello against James A. Murray, doing business under the name of the Pocatello Water Company. On demurrer to bill. Demurrer sustained.

W. H. Witty and H. V. A. Ferguson, for plaintiff.
D. Worth Clark, for defendant.

DE HAVEN, District Judge. The questions arising upon the demurrer to the bill have been ably argued by counsel for the respective

parties, and have been fully considered by me. In order to clearly understand the questions involved, it is only necessary to say that the bill of complaint alleges, in substance, that the defendant is the owner, and in possession, of a system of waterworks in the city of Pocatello, under franchise granted to him by that city on June 1, 1901, by a certain ordinance numbered 86, alleged to be in full force and effect, and set out in the bill. This ordinance recites that the supply of water furnished the city—

"* * * is deemed inadequate for the present and future need of said city, and said James A. Murray agrees to bring in the waters of Mink creek and to make all extensions of street mains warranted by the growth of said city, thereby necessitating the laying of several miles of pipe, at a large additional expenditure of money; and

"Whereas, said James A. Murray, before incurring so great an additional outlay, as a condition precedent to the expense of laying said pipe line, desires to be protected against unreasonable or arbitrary changes in the rates and charges for water and water service, and asks some reasonable assurance that such unreasonable or arbitrary changes shall not be made; and

"Whereas, the demand of said James A. Murray is considered reasonable and just, and it is deemed to be for the best interest of the city of Pocatello to extend and give the assurance asked for"—

and then proceeds to name a schedule of water rates which the defendant was authorized to charge for a period of five years. The ordinance then further provides:

"Sec. 3. The foregoing rates and charges are hereby adopted by the city of Pocatello, by and for itself, and as trustee for the use and benefit of all private consumers of water within the corporate limits of said city, for a period of five years from and after the passage and approval of this ordinance. At the expiration of said time, if the earnings of said water system shall exceed 5 per cent. above reasonable expenses upon the value of said water system as then agreed upon, or as may be ascertained as hereinafter provided, then the rates as set forth in the 'Schedule of Water Rates' of section 2 of this ordinance may be readjusted so as to yield not less than 5 per cent. above reasonable expenses on the valuation, but no readjustment shall hereafter be made that will yield less than 5 per cent. above reasonable expenses, on the value of the investment ascertained as hereinafter provided for in section 4.

"Sec. 4. If, at the expiration of five years, or at any time thereafter, it should be deemed necessary to readjust rates under the provisions of section 3, and if the city of Pocatello and the said James A. Murray, or his successors or assigns, cannot agree upon the value of said water system, for the purpose of such readjustment, then the value of said water system shall be ascertained in the following manner, to wit: A committee of four experienced and disinterested hydraulic engineers, who must be members of the American Society of Civil Engineers, shall be selected, two by the city of Pocatello, and two by the said James A. Murray, or his successors or assigns, and the following questions shall be submitted to them: For what sum can the water system of James A. Murray be now duplicated? If a majority of the four cannot agree, they shall select a fifth; and, if they cannot agree upon a fifth, they shall request the president of the American Society of Civil Engineers to appoint a fifth member. The decision of a majority of the committee so selected shall fix the value of said water system for the purpose of readjusting said rates, and such decision shall be final."

The five-year period for which rates and charges were fixed by section 3 of the ordinance expired on June 6, 1906, and the bill alleges:

"That said schedule of rates and charges has ceased to be reasonable and proper, and is no longer a just measure of the amounts that ought to be paid by the plaintiff and the inhabitants thereof for water furnished to them under

said franchise, in view of the growth and expansion of said city and the inferior and unsatisfactory water service furnished by said defendant, and that said rates are now excessive, extortionate, and oppressive in each and every instance."

It is also alleged that, under an act of the Legislature of Idaho approved March 16, 1907 (Laws 1907, p. 555), entitled "An act to amend section 2711 of the Revised Statutes of the state of Idaho, as amended by an act approved March 9, 1905" (Laws 1905, p. 192):

"It is provided that the rates to be charged for water by all persons, companies, or corporations supplying water to towns and cities must be determined by commissioners to be selected as therein provided, to wit: Two by the town or city authorities, each to be a taxpayer of the given town or city, and two by the person, company or corporation supplying water, the last two to be selected within thirty days after written notice of the action of the town or city, which said notice shall have been given and made within ten days after the selection by the town or city of the first two commissioners"—

and in case the commissioners so selected cannot agree upon rates, then a fifth shall be chosen in the manner provided by the act and set out in the bill of complaint, and that the rates fixed by such commissioners are to continue in force for three years. The bill further alleges that, prior to the commencement of this action, the plaintiff made and appointed two commissioners under the act above referred to, that written notice of its action was given to the defendant, and that defendant has failed and refused to name commissioners to act with those appointed by the plaintiff.

The prayer of the bill is, that the court fix and promulgate reasonable rates and charges for water to be furnished by the defendant under his franchise to the plaintiff and its inhabitants—

"for the period of three years next ensuing from the date of the court's order and judgment in the premises, and adjudge and decree that the same, as fixed, made, and promulgated, are just and reasonable, and that defendant be restrained and enjoined from making, fixing, or promulgating any other rate or rates, charge or charges, for water so to be furnished for said period of time, and from collecting or receiving any other or greater rate or rates, charge or charges, for water during said time."

And it also prays for a judgment against the defendant for the sum of $14,300.00, for its past default, "and for the further sum of $100 per day from the date of the filing of this bill of complaint to the date of final judgment herein" as a penalty for defendant's refusal to appoint commissioners to jointly act with those of the plaintiff in fixing charges and rates for water under the above referred to statute of Idaho.

The defendant has demurred to the bill upon the ground that it does not state a cause of action entitling the complainant to any equitable relief, and also upon the ground that the bill is multifarious.

1. I do not deem it necessary to consider whether the bill of complaint is subject to the objection of multifariousness, as in my opinion the demurrer must be sustained upon the broad ground that the bill does not state a cause of action entitling the complainant to the equitable relief prayed for. The reasons for this conclusion will be briefly stated. The city of Pocatello, under its general power to provide the city with water, was authorized to contract with any person or cor-

poration to furnish water for it and its inhabitants; and Ordinance No. 86, under which the defendant is furnishing water to the complainant and its citizens, constitutes a valid contract between the complainant and defendant. Sections 3 and 4 of that ordinance are a substantial part of that contract, and are for that reason not affected by the subsequent statute of Idaho of March 16, 1907, amending section 2711 of the Revised Statutes of 1887 of the state of Idaho referred to in the bill of complaint, and upon which the complainant relies. The sections of the ordinance referred to provide a particular mode by which the schedule of rates named in the ordinance may be changed, and it is clear from the recitals contained in the ordinance that these sections were inserted because the defendant desired "to be protected against unreasonable or arbitrary changes in the rates and charges for water and water service" before undertaking to incur the expense necessary to enable him to furnish the amount of water required by the city. Having been inserted for such a purpose, argument is not necessary to show that they are an essential part of the contract, and create an obligation upon the part of the city of Pocatello to pursue the mode pointed out in these sections in readjusting or changing the water rates named in the ordinance, an obligation which, under article 1, § 10, of the Constitution of the United States, cannot be impaired by subsequent legislation by the state. The method which these sections prescribe for adjusting and fixing the charges to be allowed the defendant for water furnished by him, under the ordinance, cannot be said to be unreasonable, and in my judgment must be held to be binding upon the complainant.

2. But I am further of the opinion that even if it should be conceded that the statute of Idaho above referred to is applicable to the contract under which the defendant is supplying water to the city of Pocatello, and so prescribes the method by which that city may change the schedule of water rates named in the ordinance, this court would still be without jurisdiction to fix and promulgate the water rates and charges, which the defendant shall have the right to collect, during the next three years, under his franchise. The fixing of such rates, when not a matter of contract, "is a legislative or administrative, rather than a judicial, function." Reagan v. Farmers' Loan & Trust Co., 154 U. S. 397, 14 Sup. Ct. 1047, 38 L. Ed. 1014. Southern Pacific Co. v. Colorado Fuel & Iron Co., 101 Fed. 779, 42 C. C. A. 12. This is the general rule, and the fact alleged in the bill that defendant has refused to join with the complainant in naming commissioners to fix the rates which he shall be allowed to charge for furnishing water under his franchise, as provided in the statute relied on by complainant, is not sufficient to create an exception to the rule, and does not authorize the court to extend its jurisdiction, and take upon itself the exercise of the "legislative or administrative" power to determine in advance what will be a reasonable schedule of water rates for the defendant to charge for the next three years.

The demurrer to the bill of complaint is sustained, and the bill dismissed; the defendant to recover costs.